UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RANDY BLANKENCHIP and SUSAN BLANKENCHIP,<br><br>            Plaintiffs,<br><br>     v.<br><br>CITIMORTGAGE, INC.; CAL-WESTERN RECONVEYANCE, LLC; and Does 1 through 50, inclusive,<br><br>            Defendants. | NO. CIV. 2:14-2309 WBS AC |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for January 20, 2015, and makes the following findings and orders without needing to consult with the parties any further.

I.   SERVICE OF PROCESS

All named defendants have been served, and no further

1

service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Defendant Citimortgage, Inc. removed the action to federal court under 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction.  Plaintiff has not moved to remand the action to state court, nor did plaintiff challenge the court's jurisdiction in opposing defendant Citimortgage's motion to dismiss.

The parties are not completely diverse.  Defendant Cal-Western, which acted as trustee of the property at issue, is a California business, and plaintiffs are California residents.  However, the joinder of Cal-Western appears to be fraudulent because plaintiff raises no allegations against it.  See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) ("'If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident is deemed fraudulent.'" (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987))).  If plaintiff contests defendant's allegation of fraudulent joinder of the non-diverse defendant, plaintiff shall forthwith file a motion for remand or upon that ground.

2

      IV.   <u>DISCOVERY</u>

The parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than February 20, 2015.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than October 2, 2015.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before November 6, 2015.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by December 18, 2015.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than December 18, 2015.

      V.   <u>MOTION HEARING SCHEDULE</u>

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before January 15, 2016.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly

scheduled law and motion calendar.

## VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for March 28, 2016, at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

## VII.  TRIAL SETTING

The jury trial is set for June 7, 2016 at 9:00 a.m. The parties estimate that a jury trial will last five to seven

4

days.

## VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

## IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated:    January 14, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE