UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY BLANKENCHIP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>Defendants. | No.  2:14-cv-2309 WBS AC<br><br><br><br>ORDER |

Pending before the court is defendant CitiMortgage Inc.'s ("defendant") motion for a protective order requiring plaintiffs to return three document belonging to a non-party borrower, which defendant inadvertently produced during discovery, and striking deposition transcript references to the non-party's name, in order to protect the non-party's privacy interests. ECF No. 36 (motion), 38 (Joint Statement). Plaintiffs oppose the motion, arguing that redactions would suffice to protect the non-party's privacy interests.

////

1

# I. BACKGROUND

## A. The Documents

On July 8, 2015, in response to plaintiff's discovery request, defendant CitiMortgage inadvertently produced three payroll documents from the loan file of a non-party. At the July 15, 2015 Rule 30(b)(6) deposition of CitiMortgage (through witness Matthew Sinner), the same non-party documents were again inadvertently produced.[1]

At the deposition, CitiMortgage's counsel requested that the inadvertently produced documents all be returned. Plaintiffs' counsel refused, but offered to redact the documents.

## B. Meet and Confer

The parties failed to meet and confer in a manner that complies with the undersigned's Standard Information: "Prior to the filing of a Joint Statement, the parties must **confer in person or via telephone or video conferencing** in an attempt to resolve the dispute." See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/. Instead, defendant's counsel left telephone messages on July 22, 2015 and October 20, 2015. Declaration of Robert R. Yap ("Yap Decl.") (ECF No. 38-1) ¶¶ 10-12. The parties exchanged emails on July 22, 2015, October 20, 2015 and November 13, 2015. Yap Decl. ¶¶ 11-14. Counsel are cautioned that before filing any joint statements in the future, they must meet and confer in person, by telephone or by video-conference in an attempt to resolve the matter.

## C. Positions of the Parties

### 1. Defendant

Defendant CitiMortgage requests "the return of all copies of the nonparty's income statements in possession of the Blankenchips' counsel and in possession of the court reporter at the July 15, 2015 deposition of Mr. Sinner," and "that all references to the name of the nonparty (on pages 52 and 53) be permanently stricken from Mr. Sinner's deposition transcript."

////

---

[1] The documents are Bates-stamped CITI000019-21 and CITI000305-07.

Defendant argues that plaintiffs do not need the documents because CitiMortgage is willing to stipulate that it inadvertently produced the documents of a non-party when asked to produce Blankenchips' documents. Defendant further argues that any level of redaction would be "insufficient" because a sufficiently enterprising person could somehow figure out the identity of the non-party borrower just from the format used in the payroll documents. Defendant further argues that return of the documents is "required" by the September 18, 2015 Protective Order, and by the need to protect the privacy interests of the non-party borrower.[2]

### 2. Plaintiffs

Plaintiffs argue that they need the inadvertently produced documents in order to offer them at trial as evidence that CitiMortgage loses documents, and puts them into the wrong files. It is the theory of plaintiffs' case that they did everything they were supposed to in order to get a promised loan modification, that they filled out all the forms, and sent the checks on time, but that CitiMortgage foreclosed after claiming it had not received the documents and checks on time. Plaintiffs further argue that the Protective Order, signed months *after* the inadvertent production and request for return, has nothing to do with this motion. Plaintiffs also argue that redaction would suffice to protect the privacy interests of the non-party borrower.

Plaintiffs have not objected to redacting the name of the non-party borrower from the deposition transcripts. Also, plaintiffs are willing to include these documents within the Protective Order.

## II. ANALYSIS

### A. The Law

This court has the authority to issue a "protective order" under Fed. R. Civ. P. 26(c), to order the return of privileged or work product protected documents inadvertently produced during discovery. KL Grp. v. Case, Kay & Lynch, 829 F.2d 909, 917-19 (9th Cir. 1987) (district court did not abuse its discretion in using Fed. R. Civ. P. 26(c) to order return of privileged discovery materials); Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1079-80 (9th Cir. 1988) ("[w]e have

---

[2] Plaintiffs do not challenge CitiMortgage's standing to assert the rights of the non-party.

1   held that a district court may order a party to return privileged documents inadvertently produced

2   during discovery in the same proceeding pending before the court"). Defendant has not cited any

3   cases indicating that the court has the authority to "claw back" documents that are not privileged

4   or work product protected, nor does the court's research reveal any.[3]

5   Defendant's argument that the Protective Order requires plaintiffs to return the documents

6   is not persuasive. The documents were produced, and the dispute was fully aired, months before

7   the Protective Order was signed and "So Ordered" in September 2015. It is not credible that

8   plaintiffs would have signed a stipulation that *silently* required them to return these disputed

9   documents after they had already refused to return the documents.

10   B. Resolution

11   At the hearing on this matter, the court advised the parties that no "claw back" order

12   would issue, and gave both counsel an opportunity to work out an agreed-to set of redactions for

13   the documents. The parties were unable to reach an agreement. The court then conducted an *in*

14   *camera* inspection of the documents, with counsel present. The parties still could not reach

15   agreement.

16   The court has reviewed the disputed documents, and concludes that the privacy interests

17   of the non-party borrower can be satisfied by (1) the redactions set forth below, and (2) making

18   the redacted documents subject to the stipulated Protective Order.

19                             III. CONCLUSION

20   For the reasons set forth above, IT IS HEREBY ORDERED that:

21   1. Defendant's Motion for Protective Order (ECF No. 36), is DENIED in part, to the

22   extent it seeks the immediate return of the disputed documents;

23   2. Defendant's Motion for Protective Order (ECF No. 36), is GRANTED in part, in that

24   plaintiffs are ordered to redact all references to the non-party borrower's name in its entirety from

25   ////

26

---

27   [3] Rule 26(b)(5)(B), Fed. R. Civ. P., provides a mechanism for the resolution of issues arising when privileged or work product materials are inadvertently produced. It does not address the
28   inadvertent production of other materials.

the affected deposition transcript, including any transcripts or drafts in the possession of the court reporter;

    3. Defendant's Motion for Protective Order (ECF No. 36), is further GRANTED in part, as follows.

        a. Plaintiffs shall redact the following information from each and every non-party borrower document in their, or the court reporter's, possession, in each and every place it occurs:

            1. On the "Year End Earnings Statement" page

- The company name preceding "Year End Earnings Statement" at the top of the first page.
- The borrower's name, leaving visible only the initials of the first and last names.
- The borrower's address, leaving visible only the state.
- The employee identification number ("EmplID").
- The company name.
- The company "Description".
- The URL address at the bottom of the page.

            2. On the "Pay Inquiry" pages

- The name and entire address (including state) of the listed company.
- The borrower's name, leaving visible only the initials of the first and last names.
- The borrower's address, leaving visible only the state.
- The employee identification number ("Employee ID").
- The entirety of the entries for "Business Unit," "Pay Group," "Department," "Location," "Job Title," and "Pay Rate."
- The entries for "Check#" and "Account#".
- The URL address at the bottom of each page.

        b. Plaintiffs shall deliver a true copy of the redacted documents to the defendant for its review within 10 days of the date of this order. If defendant believes the redactions do not comply with this order, it shall, within 5 days of receiving the documents from plaintiffs, schedule an Informal Telephonic Conference, following the instructions on the undersigned's

////

web page, http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/.

        c.  Plaintiffs shall arrange for the court reporter to substitute the redacted documents for those unredacted documents that are currently in the reporter's possession.

        d.  Plaintiffs shall substitute the redacted documents for the unredacted documents in the copies of the deposition transcript.

        e.  Plaintiffs shall arrange for the court reporter to redact the borrower's entire name from every instance where it appears in the transcript, including the index, and otherwise in the reporter's possession.

        f.  Plaintiffs shall promptly destroy or return to defendant, each and every copy of the disputed documents that have not been redacted as ordered.

        g.  The documents, once redacted as ordered, are subject to the parties' stipulated Protective Order, ECF No. 32, including the procedures for the return or destruction of the documents upon the termination of the case.

DATED: December 17, 2015

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE