UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RANDY BLANKENCHIP and SUSAN BLANKENCHIP,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC.; CAL-WESTERN RECONVEYANCE, LLC; and DOES 1-50, inclusive,<br><br>Defendants. | CIV. NO. 2:14-02309 WBS AC<br><br><u>ORDER RE: REQUEST TO SEAL</u> |

----oo0oo----

Plaintiffs Randy and Susan Blankenchip initiated this suit against defendants CitiMortgage, Inc. ("Citi") and Cal-Western Reconveyance, LLC alleging defendants breached a loan modification agreement and wrongfully foreclosed on their home. Presently before the court is plaintiffs' and Citi's stipulated request to seal a number of documents in connection with Citi's motion for summary judgment.  (Req. to Seal (Docket No. 76).) The documents include the declarations of Robert R. Yap, Jeanine

1

1  Cohoon, Henry J. Hymanson, and the respective exhibits, (Docket
2  Nos. 72-2, 72-3, 72-4, 72-5, 72-6, and 74-3), and the deposition
3  transcripts lodged with the court of Matthew Sinner, Jeanne
4  Pezold, Jeanine Cohoon.  (Id. at 2.)
5         A party seeking to seal a judicial record bears the
6  burden of overcoming a strong presumption in favor of public
7  access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172,
8  1178 (9th Cir. 2006).  The party must "articulate compelling
9  reasons supported by specific factual findings that outweigh the
10 general history of access and the public policies favoring
11 disclosure, such as the public interest in understanding the
12 judicial process."  Id. at 1178-79 (citation omitted).  In ruling
13 on a request to seal, the court must balance the competing
14 interests of the public and the party seeking to keep records
15 secret.  Id. at 1179.
16        The parties contend the documents should be sealed
17 because "they partially contain information and material subject
18 to" the parties' stipulated protective order signed by Magistrate
19 Judge Claire.  (Req. to Seal at 1-2.)  The parties provide no
20 other justification for sealing what amounts to nearly all of the
21 declarations and exhibits relevant to Citi's motion for summary
22 judgment and plaintiffs' opposition.  This court has previously
23 pointed out that a confidentiality agreement between the parties
24 does not per se constitute a compelling reason to seal documents
25 that outweighs the interests of public disclosure and access.
26 See Oct. 8, 2014 Order at 2, Starbucks Corp. v. Amcor Packaging
27 Distrib., Civ. No. 2:13-1754; Sept. 3, 2015 Order at 3, Foster
28 Poultry Farms, Inc. v. Certain Underwriters at Lloyd's, London,

1 | Civ. No. 1:14-00953; Sept. 18, 2015 Order at 2, Rosales v. City
2 | of Chico, Civ. No. 2:14-02152. The fact that the assigned
3 | magistrate judge signed the stipulated protective order does not
4 | change this principle.
5 |       The parties have therefore failed to provide a
6 | compelling reason to seal the summary judgment documents. Given
7 | the important public policies favoring disclosure to the public
8 | and the media, the request will accordingly be denied. The
9 | denial will be without prejudice to the parties refiling a more
10 | tailored request to seal specific portions of the material or to
11 | redact certain lines.
12 |       IT IS THEREFORE ORDERED that the parties' request to
13 | seal (Docket No. 76) be, and the same hereby is, DENIED without
14 | prejudice.
15 | Dated: August 16, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3