UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RANDY BLANKENCHIP and SUSAN BLANKENCHIP,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITIMORTGAGE, INC.; CAL-WESTERN RECONVEYANCE, LLC; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | CIV. NO. 2:14-02309 WBS AC<br><br><u>ORDER GRANTING MOTION IN LIMINE</u> |

----oo0oo----

Before the court is Defendant CitiMortgage, Inc.'s ("Citi") Motion in Limine No. 1 to Exclude Reference of Parties' Discovery Dispute and Defendant's Redactions and Claims of Privilege. (Docket No. 101.) The motion focuses on three different versions of the same loan servicing notes produced by Citi in discovery. The first two versions contain redactions under claim of attorney-client privilege (though not entirely the same redactions in both) while the third version is unredacted except for entries that were recorded after this litigation commenced. Plaintiff intends to admit all three versions, while

1

1  Citi contends that only the final, largely unredacted version
2  should be admitted at trial.
3          Here, it is unclear what probative value, if any, the
4  first two versions of the servicing notes have in this case
5  beyond the third version, which the parties agree is admissible.
6  Simply put, there is no need for the first two, more heavily
7  redacted versions of the servicing notes when plaintiffs will
8  introduce the third, largely unredacted version at trial.
9  Admitting the first two documents would only provide evidence of
10 Citi's claims of privilege and the corresponding discovery
11 dispute years after the events at issue in the amended complaint.
12 These redactions, and the parties' dispute regarding them, have
13 no bearing on any issue to be decided by the jury in this case
14 and no probative value.  Moreover, introducing multiple versions
15 of the same document, where the only difference between the
16 versions is the level of redactions, is likely to confuse the
17 issues at trial, waste time, and needlessly present cumulative
18 evidence.  Accordingly, the court will grant the motion to
19 exclude under Federal Rule of Evidence 403.
20          IT IS THEREFORE ORDERED that Citi's motion in limine
21 be, and the same hereby is, GRANTED.  The court orders as
22 follows:
23      1.  Plaintiffs Randy Blankenchip and Susan
24 Blankenchip, their counsel, and their witnesses are precluded
25 from referencing, mentioning, or introducing evidence of any
26 discovery dispute between the parties.
27      2.  Plaintiffs Randy Blankenchip and Susan
28 Blankenchip, their counsel, and their witnesses are precluded

from referencing or mentioning the redactions Citi's counsel made to Citi's servicing notes.

   3. Plaintiffs Randy Blankenchip and Susan Blankenchip's counsel is precluded from examining Citi's witnesses or any witness or from asking any question about the redactions Citi's counsel made to Citi's servicing notes.

   4. Plaintiffs Randy Blankenchip and Susan Blankenchip, their counsel, and their witnesses are precluded from introducing at trial the first and second redacted versions of Citi's servicing notes, which are identified as plaintiffs' trial exhibit numbers 43 and 44 and described as "First Redacted Production of Servicing Notes" and "Second Redacted Production of Servicing Notes."

Dated: November 17, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3