UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RANDY BLANKENCHIP and SUSAN BLANKENCHIP,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITIMORTGAGE, INC.; CAL-WESTERN RECONVEYANCE, LLC; and DOES 1-50, inclusive,<br><br>        Defendants. | CIV. NO. 2:14-02309 WBS AC<br><br>MEMORANDUM AND ORDER DENYING MOTION TO DISQUALIFY |

----oo0oo----

Randy and Susan Blankenchip brought this action against CitiMortgage, Inc. ("Citi") in connection with Citi's foreclosure of their home. Citi now moves to disqualify plaintiffs' counsel Philip Mark Hymanson ("Hymanson") on the ground that Hymanson has a conflict of interest.

I.   Factual and Procedural Background

This case was filed and removed to this court in 2014 and various attorneys at the United Law Center law firm in Roseville, California have represented the Blankenchips in this case. On November 2, 2016, the court received the pro hac vice

1

1  application of Hymanson, which it approved on November 4, 2016.
2  (Docket Nos. 117, 118.)  In the pro hac vice application,
3  Hymanson attached a letter explaining that 1) he was employed by
4  the law firm Greenberg Traurig, 2) he had never represented Citi
5  but his firm did represent banks and mortgage lenders, 3) his
6  resignation from Greenberg Traurig would be official upon the
7  approval of his pro hac vice application, and 4) he was resigning
8  from Greenburg Traurig in order to expedite his application and
9  remove any issue of conflict so that he could try this case with
10 his son, who is also counsel of record for plaintiffs.  (Docket
11 No. 117.)

In response to Hymanson's addition to this case, Citi
filed a motion to disqualify, noting that Greenburg Traurig
represents Citi in "a high volume of consumer finance litigation
matters across the country," and that Citi did not consent to
Hymanson's representation of the Blankenchips.  Citi argues in
the motion that Hymanson's representation in this case is a
breach of the duty of loyalty warranting automatic
disqualification, and that Hymanson cannot avoid this conflict by
withdrawing from his firm after he had already agreed to
represent the Hymansons.  (Docket No. 121.)

After Citi filed its motion to disqualify, Hymanson
filed a declaration explaining that he gave his notice of
resignation to his firm on October 31, 2016; that October 31 was
his last day of billing at Greenburg Traurig; that his
resignation was finalized on November 3, 2016; and that he
performed no work on this case until after the court approved his

2

application on November 4, when he participated in a settlement conference for this case. (Docket No. 125-1.)

II. <u>Legal Standard</u>

The power to disqualify an attorney against the wishes of his client is within the discretion of the trial court as an exercise of its inherent powers. <u>See</u> <u>United States v. Wunsch</u>, 84 F.3d 1110, 1114 (9th Cir. 1996); <u>Visa U.S.A., Inc. v. First Data Corp.</u>, 241 F. Supp. 2d 1100, 1103-04 (N.D. Cal. 2003). Motions to disqualify counsel are decided under state law. <u>In re Cty. of L.A.</u>, 223 F.3d 990, 995 (9th Cir. 2000).

Because a motion to disqualify is most often tactically motivated and can be disruptive to the litigation process, disqualification is considered to be a drastic measure that is generally disfavored and imposed only when absolutely necessary. <u>Concat LP v. Unilever, PLC</u>, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004); <u>see also</u> <u>Optyl Eyewear Fashion Int'l Corp. v. Style Cos.</u>, 760 F.2d 1045, 1050 (9th Cir. 1985) (requests for disqualification "should be subjected to 'particularly strict judicial scrutiny'") (quoting <u>Rice v. Baron</u>, 456 F. Supp. 1361, 1370 (S.D.N.Y. 1978)).

California Rule of Professional Conduct 3-310(C) concerns "concurrent" representation, where an attorney or law firm represents parties with potentially adverse interests at the same time:

> A member shall not, without the informed written consent of each client:
> (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

3

```
        (2) Accept or continue representation of more than one
        client in a matter in which the interests of the
        clients actually conflict; or
        (3) Represent a client in a matter and at the same
        time in a separate matter accept as a client a person
        or entity whose interest in the first matter is
        adverse to the client in the first matter.
```

California Rule of Professional Conduct 3-310(E), in contrast, concerns "successive" representation, where an attorney or firm represents a party with a conflicting interest to a prior client. This section provides that: "A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment."

III.    Discussion

"Attorneys have a duty to maintain undivided loyalty to their clients to avoid undermining public confidence in the legal profession and the judicial process." People ex rel. Dept. of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1146 (1999). Pursuant to this duty of loyalty, an attorney or law firm may be barred from representing clients with potentially conflicting interests at the same time without both parties' consent. Id. at 1147. Moreover, under the principle of vicarious disqualification, where a conflict of interest disqualifies an attorney from a matter, "the disqualification normally extends vicariously to the attorney's entire law firm," whether or not the attorneys at the firm personally worked on matters involving that client's matters. Id. at 1139. Here, because Greenburg Traurig represents Citi in consumer finance

4

litigation, Hymanson's representation of the Blankenchips against Citi in this wrongful foreclosure action, a consumer finance case, presents a concurrent conflict, assuming Hymanson's representation of the Blankenchips began before his employment with Greenburg Traurig ended.

However, based on Hymanson's declaration, he performed no work for the Blankenchips until after his resignation from Greenburg Traurig was final and after the court approved his pro hac vice application.  Thus, this situation is more appropriately categorized as a successive representation scenario rather than a concurrent conflict of interest warranting Hymanson's automatic disqualification.[1]  Even assuming Hymanson formed an attorney-client relationship with the Blankenchips before his resignation from Greenburg Traurig was complete, the court finds that the de minimis nature of his representation up to that point does not warrant the court exercising its discretion to disqualify Hymanson based on a concurrent conflict of interest.  See Wunsch, 84 F.3d at 1114; Visa U.S.A., 241 F. Supp. 2d at 1103.

---

[1] Citi contends that Hymanson cannot avoid automatic disqualification "by dropping one client in favor of another," relying on Truck Insurance Exchange v. Fireman's Fund Insurance Co., 6 Cal App. 4th 1050, 1059 (1st Dist. 1992); Pour le Bebe, Inc. v. Guess? Inc., 112 Cal. App. 4th 810, 822 (2d Dist. 2003); and Western Sugar Cooperative v. Archer-Daniels-Midland Co., 98 F. Supp. 3d 1074, 1084 (C.D. Cal. 2015).  (Def.'s Mot. 6; Mot. Reply 3.)  However, those cases appear inapplicable as Hymanson never performed any work on behalf of Citi, and Greenburg Traurig apparently continues to represent Citi.  It cannot be said here that either Hymanson or Greenburg Traurig "jettisoned" or "discarded" Citi "in contemplation of taking a more profitable, conflicting relationship" with a more preferred client.  See Truck Ins. Exch., 6 Cal. App. 4th at 1059; Pour Le Bebe, 112 Cal. App. 4th at 823.

1           The court next proceeds to examine whether
2  disqualification is appropriate based on a successive conflict of
3  interest.  In successive representation cases, where a party
4  seeks to disqualify its former counsel from representing an
5  adverse party in a current proceeding pursuant to California Rule
6  of Professional Conduct 3-310(E), the party must show a
7  "substantial relationship" between the two representations.
8  <u>Montgomery v. Super. Ct.</u>, 186 Cal. App. 4th 1051, 1056 (4th Dist.
9  2010).  A "substantial relationship" exists when "information
10 material to the evaluation, prosecution, settlement or
11 accomplishment of the former representation given its factual and
12 legal issues is also material to the evaluation, prosecution,
13 settlement or accomplishment of the current representation given
14 its factual and legal issues."  <u>Jessen v. Hartford Cas. Ins. Co.</u>,
15 111 Cal. App. 4th 698, 713 (5th Dist. 2003).  The substantial
16 relationship test balances two interests, "the freedom of the
17 subsequent client to counsel of choice, on the one hand, and the
18 interest of the former client in ensuring the permanent
19 confidentiality of matters disclosed to the attorney in the
20 course of the prior representation, on the other."  <u>Flatt v.</u>
21 <u>Super. Ct.</u>, 9 Cal. 4th 275, 283 (1994).

22          Citi has failed to demonstrate any relationship, much
23 less a substantial relationship, between Hymanson's prior work at
24 Greenburg Traurig and the current litigation.  Indeed, Hymanson
25 explained in his declaration, among other things, that 1) he has
26 never worked on any cases for Citi and has no knowledge of Citi's
27 loan modification processes or procedures; 2) he was never
28 exposed to any information about Citi, much less any confidential

                                6

1  information; 3) he never had any conversation with any Greenburg
2  Traurig employee about any confidential Citi information, and 4)
3  he never overheard any discussions regarding Citi while working
4  for Greenburg Traurig.  Accordingly, Hymanson's former status as
5  a Greenburg Traurig attorney does not create a conflict requiring
6  his disqualification, notwithstanding Greenburg Traurig's
7  representation of Citi in similar matters.
8       Because Citi has provided no reason why Hymanson should
9  be disqualified from representing plaintiffs, the court will deny
10 Citi's motion to disqualify.
11      IT IS THEREFORE ORDERED that defendant's motion to
12 disqualify attorney be, and the same hereby is, DENIED.
13 Dated:  November 18, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE